UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREG T. SCHUBERT,                    )
                Plaintiff            )
                                     )
        v.                           )  C.A. No. 07-30033-MAP
                                     )
CITY OF SPRINGFIELD, ET AL           )
                Defendants           )

MEMORANDUM AND ORDER REGARDING
DEFENDANT STERN'S MOTION FOR SUMMARY JUDGMENT
AND ORDER OF DISMISSAL SUA SPONTE OF
CLAIMS AGAINST CO-DEFENDANT CITY OF SPRINGFIELD
(Dkt. No. 25)

March 12, 2009

PONSOR, D.J.

        Plaintiff has brought this action pursuant to 42 U.S.C.
§ 1983, and the Massachusetts Civil Rights statute, Mass.
Gen. Laws ch. 12, § I, as well as on common law tort
theories.  The essence of his claim is that his rights were
violated when, while carrying a partly concealed handgun, he
was stopped by Springfield Police Officer J.B. Stern and
detained for approximately ten minutes while the officer
attempted to confirm that he possessed a valid license
permitting him to carry the weapon.

        The court heard argument on Defendant Stern's Motion
for Summary Judgment on March 4, 2009.  At the conclusion of
the hearing, the court indicated that it would be allowing
Defendant's motion and set forth its factual findings and
legal conclusions in detail.  A more detailed recitation of

the court's logic was set forth orally following the
hearing, but its reasoning may be summarized as follows.

It is undisputed that on July 21, 2006, at
approximately 1:30 p.m., Plaintiff, who (unknown to
Defendant) was an attorney, was walking near, and in the
direction of, the Hampden County Superior Court in downtown
Springfield.  It is further undisputed that he was carrying
a handgun under his unbuttoned jacket and that, as he
walked, the officer saw the gun while he was sitting in his
marked police cruiser.  Dkt. No. 31-2, Schubert Aff. at ¶
11.  The Defendant officer stated in his affidavit, and
Plaintiff has not disputed, that in his experience persons
carrying concealed weapons in the downtown area of
Springfield are, overwhelmingly, carrying the weapons
illegally.  Dkt. No. 26, Stern Aff. at ¶ 3.

Once he saw Plaintiff's concealed gun, the officer
exited his cruiser, drew his weapon, and pointed it at
Plaintiff, inquiring whether he was carrying a weapon.  When
Plaintiff acknowledged that he was, the officer approached
him, disarmed him, and retreated to his cruiser, where he
removed the clip and retracted a live round out of the
chamber.  Plaintiff then produced a facially valid license
to carry the firearm, and the officer instructed Plaintiff
to stand in front of his vehicle where he could observe him

while he called in to confirm that the license was in fact valid.

Plaintiff admits that, at least at one point,[1] he left his location and tried to speak to the officer, who instructed him to return to the nose of the cruiser. Shortly thereafter, the officer moved Plaintiff to the rear of the cruiser and placed him in the back seat.  After a further brief period of time, when the officer was unable to obtain confirmation that Plaintiff had a valid license to carry the firearm, he allowed Plaintiff to leave, retaining the firearm, ammunition, and license.  The entire incident lasted ten minutes or less.  Defendant deposited the firearm and ammunition with the appropriate officer of the Springfield police; though it was not actually retrieved until a week later, the firearm was available to be reclaimed later that day.

Plaintiff may have had a right to carry a firearm on his person, under these circumstances, if properly licensed.[2]  At the same time, the officer, observing an

---

[1] Defendant alleges that this occurred more than once.

[2] During oral argument, counsel for Plaintiff attempted to cite District of Columbia v. Heller, 128 S. Ct. 2783 (2008), in his favor.  His reliance is misplaced for two reasons.  First, Plaintiff's right to bear arms is not at issue in this civil rights case.  Second, Plaintiff's right is secured, not restricted, by the state licensing statute, Mass. Gen. Laws. ch. 140, § 131.  Interestingly, Heller itself notes

individual carrying a firearm he was attempting to conceal
in an area where most individuals doing this were committing
a crime, had a reasonable suspicion that criminal activity
might be going on and a justification to stop Plaintiff and
make inquiry.  Terry v. Ohio, 392 U.S. 1 (1968).  The
location of the stop, near a courthouse, only underlined the
reasonableness of Defendant's response.  The fact that
Plaintiff happened to be a person of middle age wearing a
suit does not, Plaintiff's arguments notwithstanding, affect
the analysis.

Once the Defendant officer had reasonable suspicion
justifying a stop, Terry permitted him to take actions to
insure his own safety, including drawing his own weapon,
patting Plaintiff down, and disarming him.  See, e.g.,
Flowers v. Fiore et al., 359 F.3d 24, 30 (1st Cir. 2004).
The fact that Plaintiff produced a facially valid license to
carry did not obligate the Defendant officer to release him
immediately, any more than an officer is required to release
a driver immediately upon production of a facially valid
driver's license.  A brief detention while the validity of
the license was confirmed was not unreasonable under Terry

---

that restrictions on handgun possession might be permissible
in "sensitive places" such as government buildings.  Heller,
128 S. Ct. at 2816-17.  In short, Heller offers no support to
Plaintiff's civil rights claim here.

and its progeny.

Further, the officer acted reasonably when, after he could not obtain confirmation of the validity of the license in a few minutes, he allowed Plaintiff to go, retaining the firearm and ammunition.  The court offers no opinion as to the judgment exercised by the officer in the circumstances, but no Constitutional line was crossed by this behavior. Any right to bear arms Plaintiff may have had does not signify that police are without power to stop and inquire, in these circumstances, or must do so only at peril of being sued for a civil rights violation.

For the foregoing reasons, Defendant Stern's Motion for Summary Judgment (Dkt. No. 25) is hereby ALLOWED as to Count III, offered against Defendant Stern under 42 U.S.C. § 1983. Similarly, Defendant is entitled to judgment on Count IV under the Massachusetts civil rights statute, since no actionable interference with Plaintiff's constitutional rights by means of "threats, intimidation and coercion" occurred.  Defendant Stern is also entitled to judgment on Counts VII, VIII, IX, X, and XI, since there was, as a matter of law, no intentional infliction of emotional distress, assault, conversion, false imprisonment, or false arrest on these facts.

Based on the foregoing, the court also <u>sua sponte</u>

-5-

hereby dismisses, with prejudice, the following claims
against co-defendant City of Springfield.  On Count I,
alleging violation of 42 U.S.C. § 1983 based upon an
unconstitutional custom and practice, and on Count II,
alleging violation of 42 U.S.C. § 1983 for negligent hiring,
training and supervision, the City of Springfield is
entitled to judgment on the authority of <u>City of Los Angeles
et al. v. Heller</u>, 475 U.S. 796 (1986), since the liability
of the municipality in these circumstances is derivative of
the claims for unconstitutional actions by Defendant Stern.
<u>See</u> <u>also</u> <u>Jarrett v. Town of Yarmouth</u>, 331 F.3d 140, 151 (1st
Cir. 2003).  The other claims against the City, including
the claim in Count IV under the Massachusetts civil rights
statute, and the claims for negligence in Count V and Count
VI under Mass. Gen. Laws ch. 258, are hereby DISMISSED,
without prejudice to their re-filing in state court, as
permitted by <u>United Mineworkers of Am. v. Gibbs</u>, 383 U.S.
715, 725 (1966).

In summary, the court hereby orders that Defendant
Stern's Motion for Summary Judge be ALLOWED as to all counts
against him.  The court also hereby DISMISSES, with
prejudice, any claims for federal constitutional violations
against the City of Springfield and dismisses, without
prejudice, all other state law claims against the City of

Springfield.  The clerk is ordered to enter judgment for Defendants on all counts.  This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge